IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY EUGENE LARSON,                    No. CIV S-06-1413-MCE-CMK-P

    Plaintiff,

  vs.                                                  ORDER

RUNNELS, et al.,

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for leave to amend the complaint (Doc. 9) filed October 30, 2006.

        The Federal Rules of Civil Procedure provide that a party may amend his or her pleading ". . . once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Once a responsive pleading is filed, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See id.  Where leave of court to amend is sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of judicial economy and will promote the speedy resolution of the entire

controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

In this case, no responsive pleading has been filed. Therefore, plaintiff does not require leave of court to file an amended complaint. Plaintiff's motion will be denied as unnecessary. This action now proceeds on the first amended complaint (Doc. 10) filed October 30, 2006, with plaintiff's motion to amend.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The first amended complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).[1] If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs.

On October 5, 2006, the court issued an order determining that the original complaint was appropriate for service on defendants Schwarzenegger and Leslie. Incident to that order, plaintiff submitted documents necessary for service on these defendants. The first amended complaint is also appropriate for service on defendants Schwarzenegger and Leslie, as well as defendant Runnels. Plaintiff will be required to submit additional forms for service of the first amended complaint on all three named defendants. Plaintiff is warned that failure to

---

[1] The court notes that, according to plaintiff's amended complaint, plaintiff has not exhausted his administrative remedies. Specifically, he states that he is awaiting the final level response. Thus, this case may be premature. However, because exhaustion is not a jurisdictional requirement for bringing suit, see Rumbles v. Hill, 182 F.3d 1064, 1070 (9th Cir. 1999), and because failure to exhaust is an affirmative defense which can only be raised by defendants, see Wyatt v. Terhune, 280 F.3d 1238, 1245-46 (9th Cir. 2002), dismissal at this time for failure to exhaust is not appropriate.

comply with this order may result in dismissal of the action.  See Local Rule 11-110.

   Accordingly, IT IS HEREBY ORDERED that:

   1. Service of the first amended complaint is appropriate for the following defendant(s):

     RUNNELS,

     SCHWARZENEGGER, and

     LESLIE;

   2. The Clerk of the Court shall send plaintiff one USM-285 for defendant Runnels, one summons, an instruction sheet, and a copy of the first amended complaint (Doc. 10); and

   3. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. one completed USM-285 form for defendant Runnels; and

    d. four copies of the endorsed complaint.

DATED:  November 15, 2006.

                     _____
                     **CRAIG M. KELLISON**
                     UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARVEY EUGENE LARSON, | No. CIV S-06-1413-MCE-CMK-P |
| Plaintiff, | |
| vs. | |
| RUNNELS, et al., | |
| Defendants. | |
| _____/ | |

NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order:

    __1__    completed summons form;
    __1__    completed USM-285 form for defendant Runnels; and
    ____    copies of the complaint.

DATED: _____       _____
                                                                           Plaintiff