**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARVEY EUGENE LARSON, | No. CIV S-06-1413-MCE-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| RUNNELS, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's "Motion to File 2nd Amended Complaint" (Doc. 14), filed on November 29, 2006, and plaintiff's "Motion for Default Judgment" (Doc. 15), Filed on December 8, 2006. Plaintiff has also submitted documents necessary for service of this action on defendants by the United States Marshal.[1]

///

---

[1] Plaintiff asserts that lack of access to paper prevented him from submitting the required number of copies of his first amended complaint. Specifically, plaintiff has submitted one copy but was required to submit four. In the interest of speedy resolution of this action, the Clerk of the Court will be directed to make three additional copies of the first amended complaint.

1

As to plaintiff's "Motion to File 2nd Amended Complaint," the court observes that it is not a true motion for leave to amend in that it does not state additional claims to be raised or defendants to be added. Further, plaintiff did not submit a proposed second amended complaint. Rather, plaintiff states that he needs leave to amend in order to "survive defendants' motion to dismiss" because he "is not allowed by the Court a[n] answer brief to defendants' motion to dismiss." Plaintiff is operating under the mistaken assumption that he will not have an opportunity to respond to any motion to dismiss which defendants' may file in this action. If such a motion is filed, plaintiff will be afforded the opportunity to file an opposition. If the court concludes that plaintiff's complaint fails to state a claim, but that amendment could cure the defects, plaintiff will also be given an opportunity to file a further amended complaint addressing the defects asserted in any motion to dismiss. Therefore, plaintiff's "Motion to File 2nd Amended Complaint" will be denied.

Next, as to plaintiff's "Motion for Default Judgment," plaintiff complains of alleged interference by defendants with his access to the courts. Plaintiff also states that defendant Runnels "tryed to stage a fight between plaintiff and 2 inmates to search plaintiff's cell and get his grips on plaintiff's legal work." (sic). As a remedy, plaintiff "asks the Court to grant Motion for Default Judgment (as punitive measures)." Given plaintiff's contentions, it is clear that this is neither a motion for entry of default or for a default judgment within the meaning of the Federal Rules of Civil Procedure. Specifically, plaintiff is complaining of alleged conduct which would give rise to a separate access to the court's claim under § 1983. To be entitled to either entry of default or a default judgment, plaintiff would have to first establish that defendants were required to plead in answer to the complaint but failed to do so. Because defendants have not even been served yet, it is impossible for plaintiff to make such a showing at this time. Therefore, plaintiff's "Motion for Default Judgment" will be denied.

/ / /

/ / /

Finally, plaintiff has submitted documents necessary for service of this action by the United States Marshal.  On October 5, 2006, the court issued an order determining that the original complaint was appropriate for service on defendants Schwarzenegger and Leslie. Incident to that order, November 3, 2006, plaintiff submitted documents necessary for service on these defendants.   On November 16, 2006, the court determined that this action was also appropriate for service on defendant Runnels and, on November 29, 2006, plaintiff submitted documents necessary for service on this defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's "Motion to File 2nd Amended Complaint" (Doc. 14) is denied;

2. Plaintiff's "Motion for Default Judgment" (Doc. 15) is denied;

3. The Clerk of the Court is directed to forward the instructions for service of process, the completed summons form(s), copies of the complaint, and a copy of this order to the United States Marshal;

4. Within ten days from the date of this order, the United States Marshal is directed to notify defendant(s) of the commencement of this action and to request a waiver of service of summons in accordance with the provisions of Federal Rule of Civil Procedure 4(d) and 28 U.S.C. § 566(c);

5. The United States Marshal is directed to retain the sealed summons and a copy of the complaint in their file for future use;

6. The United States Marshal shall file returned waivers of service of summons, as well as any requests for waivers that are returned as undelivered, as soon as they are received;

7. If a waiver of service of summons is not returned by a defendant within sixty days from the date of mailing the request for waiver, the United States Marshal shall:

    a. Personally serve process and a copy of this order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), shall command all necessary assistance from the

1  California Department of Corrections to execute this order, and shall
2  maintain the confidentiality of all information provided by the California Department of Corrections pursuant to this order;
3    b. Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of
4  summons and of the costs subsequently incurred in effecting service on said defendant;
5    c. Costs incurred in effecting service shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's
6  office for photocopying additional copies of the summons and amended complaint and for preparing new USM-285 forms, if required; and
7    d. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil
8  Procedure 4(d)(2);

9    8. Defendant(s) shall reply to the complaint within the time provided by the
10  applicable provisions of Federal Rule of Civil Procedure 12(a);

11    9. Unless otherwise ordered, all motions to dismiss, motions for summary
12  judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59
13  and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall
14  be briefed pursuant to Local Rule 78-230(m), and failure to oppose such a motion timely may be
15  deemed a waiver of opposition to the motion; opposition to all other motions need be filed only
16  as directed by the court;

17    10. If plaintiff is released from prison at any time during the pendency of this
18  case, any party may request application of other provisions of Local Rule 78-230 in lieu of Local
19  Rule 78-230(m), which will continue to govern all motions described in no. 7, above, in the
20  absence of a court order granting such a request;

21    11. Pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003),
22  plaintiff is advised of the following requirements for opposing a motion to dismiss for failure to
23  exhaust administrative remedies made by defendant pursuant to non-enumerated Rule 12(b) of
24  the Federal Rules of Civil Procedure:

25    Such a motion is a request for dismissal of unexhausted claims without prejudice. The defendant may submit affidavits or declarations
26    under penalty of perjury and admissible documentation to support the

4

motion to dismiss. To oppose the motion, plaintiff may likewise file declarations under penalty of perjury and admissible documentation. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations by other persons who have personal knowledge of relevant matters. Plaintiff may also rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. If plaintiff fails to contradict defendant's evidence with admissible evidence, the court may rely on the defendant's evidence. In the event both sides submit matters outside the pleadings, the court may look beyond the pleadings and decide disputed issues of fact. If plaintiff does not serve and file a written opposition to the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. If the defendant's motion to dismiss, whether opposed or unopposed, is granted, plaintiff's unexhausted claims will be dismissed without prejudice.

12. Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure:

Such a motion is a request for an order for judgment in favor of defendants without trial. A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a

written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed.

13. A motion or opposition supported by unsigned affidavits or declarations will be stricken;

14. Each party shall keep the court informed of a current address at all times while the action is pending, and any change of address must be reported promptly to the court in a separate document captioned for this case and entitled "Notice of Change of Address," which also must be properly served on all other parties;

15. The failure of any party to comply with this or any other court order, the Federal Rules of Civil Procedure, or the local rules of this court may result in the imposition of appropriate sanctions, including dismissal of the action or entry of default; and

16. The Clerk of the Court is directed to serve upon plaintiff a copy of the court's local rules.

DATED: December 21, 2006.

                                                   **CRAIG M. KELLISON**
                                                   UNITED STATES MAGISTRATE JUDGE