IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY EUGENE LARSON,

    Plaintiff,                    No. CIV 06-1413 ALA P

    vs.

RUNNELS, et al.,

    Defendants.            <u>ORDER</u>

_____/

       Plaintiff Harvey Eugene Larson, a state prisoner proceeding pro se, has brought this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Mr. Larson's "Motion for Default Judgment" against Defendants Runnels, Arnold Schwarzenegger and Tim Leslie, which Mr. Larson filed on July 12, 2007. As Mr. Larson has not obtained entry of default from the Clerk of Court against Defendants, a prerequisite for obtaining a default judgment under Rule 55(a) of the Federal Rules of Civil Procedure, the Court construes Mr.

1

Larson's motion as a request for entry of default.

As a request for entry of default, Mr. Larson's motion must be denied. Federal Rule of Civil Procedure 55(a) permits entry of default only when it appears "by affidavit or otherwise" that a defendant has failed to plead in response to a complaint. FED. R. CIV. P. 55(a). When Mr. Larson filed his motion for entry of default on July 12, 2007, Defendants Runnels and Schwarzenegger still had until July 25, 2007 to file a response to his Amended Complaint. *See* Order, June 26, 2007, Doc. No. 31. Consequently, Defendants Runnels and Schwarzenegger had not failed to plead as provided in the Federal Rules, and it is impossible for Mr. Larson to satisfy Rule 55(a) as to them.

Entry of default must also be denied as to unserved Defendant Tim Leslie.[1] Default may only be entered against "a party. . . [who] *has failed to plead or otherwise defend as provided by these rules*." FED. R. CIV. P. 55(a) (emphasis added). Under the Federal Rules, a defendant has "20 days after being served with the summons and complaint" to serve an answer, or sixty days after the date a request for waiver of service is sent, where service has been waived. FED. R. CIV. P. 12(a)(1). Because Mr. Leslie has not yet been served, his time for answering Mr. Larson's Amended Complaint has not yet commenced. He consequently has not "failed to plead or otherwise defend" so as to permit entry of default against him.

The Court notes that it ordered Mr. Larson on May 24, 2007 to "provide additional information to serve [Mr. Leslie]" and "promptly seek such information through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, *et seq.*, or other means available to plaintiff." *See* Order, May 24, 2007, Doc. No. 28. The Court also advised Mr. Larson that "[i]f access to the required information is denied or unreasonably delayed, [he] may seek judicial information," instructed Mr. Larson to notify the Court of any information he obtained regarding how to serve Mr. Leslie, and cautioned Mr. Larson "that failure to

---

[1] On December 26, 2006, the Court ordered the United States Marshal to serve the complaint on Defendants. Process directed to Mr. Leslie was returned unserved because "not in CDC locator data base, unable to locate." See Order, May 24, 2007, Doc. No. 28.

effect service may result in the dismissal of unserved defendants." *Id.* Mr. Larson has not filed any additional information in this Court regarding Mr. Leslie's whereabouts.

/////

For the foregoing reasons, Mr. Larson's motion for entry of default (Doc. 33) is DENIED.

DATED: August 6, 2007

                                              /s/ Arthur L. Alarcón
                                              UNITED STATES CIRCUIT JUDGE
                                                Sitting by Designation