1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   HARVEY EUGENE LARSON,

11              Plaintiff,                    No. 2:06-cv-1413 ALA P

12        vs.

13   D.L. RUNNELS, et al.,

14              Defendants.                   <u>ORDER</u>

15   _____/

16        Plaintiff Harvey Eugene Larson is a state prisoner proceeding *pro se* and *in forma*

17   *pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  Mr. Larson brings suit against

18   Governor Schwarzenegger and Warden Runnels on the grounds that his Eighth and Fourteenth

19   Amendment rights have been violated because of a ban on the use of tobacco products in prison.[1]

20        Before this Court are the following motions:  (1) plaintiff's two motions for summary

21   judgment (Doc. 38 and Doc. 81); (2) defendants' motion for summary judgment (Doc. 76);

22   (3) plaintiff's two motions for a temporary restraining order (Doc. 39 and Doc. 46); (4)

23   plaintiff's "notice of claim of unconstitutionality of state law rule 23-132" (Doc. 45); (5)

24   _____

25        [1]  Mr. Larson named Tim Leslie in his complaint, but Mr. Leslie was never served.

26   Process directed to Mr. Leslie was returned unserved because he was "not in CDC locator data

     base, [and] unable to locate."  (Doc. 28).  The Court directed Mr. Larson to provide more

27   information concerning the whereabouts of Mr. Leslie so that service could be re-ordered.  (Doc.

28   28 and Doc. 36).  Mr. Larson, however, failed to provide any additional information.

                                              1

plaintiff's motion for default judgment (Doc. 59); (6) plaintiff's two motions for a bench trial (Doc. 60 and Doc. 69); (7) plaintiff's two motions *in limine* (Doc. 63 and Doc. 70); and (8) plaintiff's motion for discovery (Doc. 72).  For the reasons stated below, plaintiff's motions for summary judgment are denied, defendants' motion for summary judgment is granted, and the case is dismissed.  All other pending motions filed by plaintiff are denied.

## I

There is no dispute that, on or about July 1, 2005, regulations went into effect which banned the possession of all tobacco products by inmates housed in California Department of Corrections and Rehabilitation facilities.  Cal. Code Regs. tit. 15, § 318.  (Doc. 79 at 1).  Mr. Larson claims that, because tobacco has therapeutic and medicinal properties, its ban results in cruel and unusual punishment and a violation of his due process and equal protection rights. (Compl. at 10).  He argues that "snuff," a tobacco product traditionally inhaled, does not emit tobacco smoke, which was the impetus for the ban on tobacco products in prison.  (Doc. 38). Mr. Larson also claims that Governor Schwarzenegger and Warden Runnels "overextend[ed]" their role in implementing the tobacco ban in prisons.  (Compl. at 10).  Mr. Larson seeks monetary damages and injunctive relief.  (Compl. at 11).

Mr. Larson has previously filed three similar actions.  On May 1, 2006, in *Larson v. Schwarzenegger*, 2:06-cv-00940-GEB-GGH, Mr. Larson filed a complaint alleging that the smoking ban in prison violated his Eighth and Fourteenth Amendment rights.[2]  In this case, the Court screened and dismissed Mr. Larson's complaint under 28 U.S.C. § 1915A(a) explaining that "the actions of prison officials in banning tobacco cannot possibly be an Eighth Amendment

---

[2] Defendants ask that we take judicial notice of *Larson v. Schwarzenegger*, 2:06-cv-00940-GEB-GGH.  (Doc. 65 n.2).  Defendants request is granted.  "[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"  *Bennett v. Medtronic*, *Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (citation omitted); *see also* Fed. R. Evid. 210(b) ( "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.").

1    or Fourteenth Amendment violation." (Doc. 65, Ex. A at 2).  In dismissing the case, the Court

2    noted that Mr. Larson attempted to file similar law suits on two other occasions:  "The first case,

3    *Larson v. Schwarzenegger*, CIV S 05-0007 GEB PAN P was dismissed for plaintiff's failure to

4    file an amended complaint, having failed initially to set forth colorable claims.  The second case,

5    *Larson v. Schwarzenegger*, CIV S 05-0364 MCE PAN P, was dismissed as duplicative." *Id.*

6    The instance case differs from these other cases only in that Mr. Larson, in addition to

7    challenging the smoking ban, focuses specifically on the ban of other "tobacco substitutes," such

8    as snuff.  (Doc. 38).

9                                                      **II**

10         Summary judgment is proper where there is no genuine issue of material fact in dispute

11   and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  In

12   opposing summary judgment, a nonmoving party must "go beyond the pleadings and, by . . .

13   affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate

14   'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477

15   U.S. 317, 324 (1986) (citing Fed. R. Civ. P. 56(e)).  "On summary judgment the inferences to be

16   drawn from the underlying facts contained in such materials must be viewed in the light most

17   favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655

18   (1962).  "The moving party bears the initial burden to demonstrate the absence of any genuine

19   issue of material fact."  *Horphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007).

20   "Once the moving party meets its initial burden, however, the burden shifts to the non-moving

21   party to set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that

22   there is a genuine issue for trial." *Id.* (internal quotation marks omitted).

23         Where the party resisting a motion for summary judgment is *pro se*, the court "must

24   consider as evidence in his opposition to summary judgment all of [his] contentions offered in

25   motions and pleadings, where such contentions are based on personal knowledge and set forth

26   facts that would be admissible in evidence, and where [he] attested under penalty of perjury that

27   the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918,

28   923 (9th Cir. 2004) (holding that allegations contained in a *pro se* plaintiff's verified pleadings

                                                       3

must be considered as evidence for purposes of summary judgment).  Mr. Larson's first amended complaint is verified (Doc. 10), and, therefore, will be considered as evidence for the purposes of summary judgment.

### III

To the extent that Mr. Larson is claiming that the tobacco ban is a violation of his Eighth Amendment rights, the claim fails.[3]  Mr. Larson claims that tobacco products have a therapeutic and medicinal effect.  He argues that to be forced to stop smoking "cold turkey" without the use of other tobacco products, such as snuff, amounts to deliberate indifference of his serious medical needs.  (Doc. 79 at 7).

"The government has an obligation under the Eighth Amendment to provide medical care for those whom it punishes by incarceration."  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc).  However, "not every breach of that duty is of constitutional proportions."  *Id.* "[T]he Eighth Amendment is violated when prison officials demonstrate deliberate indifference to serious medical needs."  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation marks omitted).  Prison officials' "conduct must constitute unnecessary and wanton infliction of pain before it violates the Eighth Amendment."  *Id.*

Mr. Larson has failed to establish that withdrawal from tobacco constitutes a serious medical need, or that a ban on tobacco demonstrates deliberate indifference to serious medical needs.  Moreover, there are no court decisions holding that the denial of tobacco products, including snuff, deprives prisoners of their right to be free from cruel and unusual punishment or that the use of snuff is a medical necessity.[4]  Tobacco products, like snuff, do not constitute a

---

[3]  In his amended complaint, Mr. Larson does not specifically allege that his Eighth Amendment rights have been violated. (Doc. 10).  However, Mr. Larson alludes to the Eighth Amendment in his motion for summary judgment and in his opposition to defendants' motion for summary judgment.  (Doc. 38 and Doc. 79).

[4]  In responding to defendants' motion for summary judgment, the Court directed Mr. Larson to cite cases supporting his constitutional claims. (Doc. 77).  It appears that Mr. Larson was unable to find cases because he was recently transferred to a new prison and could not

basic human need such that their deprivation would trigger an Eighth Amendment injury. *See, e.g., Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981) (explaining that prisoners must be provided with "basic human needs" such as food, clothing, shelter, sanitation, medical care, and personal safety).

Mr. Larson "doubts" the state legislature's conclusion that tobacco products relate to the illness of inmates or an increased cost to taxpayers. (Doc. 79 at 2). He maintains that it is a "HOAX" that the ban on tobacco is beneficial to inmates because it lowers exposure of tobacco smoke. (Doc. 79 at 3). The U.S. Supreme Court has found the opposite, that exposure to environmental tobacco smoke in prison may constitute cruel and unusual punishment because it creates an unhealthy environment. *Helling v. McKinney*, 509 U.S. 25, 35 (1993).[5]

Mr. Larson does not present any evidence to support his claims. Thus, he has failed to show a genuine issue of material fact and his claims fail as a matter of law. *See Gen. Bus. Sys. v. N. Am. Philips Corp.*, 699 F.2d 965, 971 (9th Cir. 1983) (explaining that to avoid summary judgment, a party is required to present "'some 'significant probative evidence tending to support the complaint'") (*citing First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

## IV

Mr. Larson argues that the ban on tobacco products has violated his due process rights under the Fourteenth Amendment and his equal protection rights under the Fifth and Fourteenth Amendments. A violation of a prisoner's due process rights requires that the defendants have acted under the color of state law and have deprived the prisoner of a fundamental liberty interest. *Hernandez v. Johnson*, 833 F.2d 1316, 1317 (9th Cir. 1987). There are no cases which

---

access the law library in time to respond to the Court's order. (Doc. 79 at 9-11). Based on the Court's independent research, no cases could be found to support Mr. Larson's claims that he has a constitutional right to the use of tobacco products, including snuff, in prison.

[5] To the extent that Mr. Larson is arguing that snuff is free from the second-hand smoke that the U.S. Supreme Court was concerned with in *Helling*, his argument still fails because there is no case which holds that prisoners have a constitutional right to snuff.

1  hold that the use of tobacco products, such as snuff, is a fundamental liberty interest.

2      Prison regulations impacting non-fundamental constitutional rights of inmates are

3  legitimate if they are rationally related to a legitimate penological interest. *Turner v. Safley*, 482

4  U.S. 78, 89 (1987).  Without citing to any evidence, Mr. Larson argues that the "banning of snuff

5  does not serve a legitimate penological interest to provide a healthy environment for prison

6  inmates" because a "ban on tobacco products such as snuff breeds hate between inmates."  (Doc.

7  79 at 10).  The defendants argue that the tobacco ban serves the penological interests of "1)

8  saving taxpayer money; 2) making the state's population healthier; and 3) enabling the

9  rehabilitation of prisoners."  (Doc. 76 at 6).

10      The legislative intent underlying the tobacco ban in prison supports defendants'

11  argument.  The drafters of the tobacco ban in prison intended the regulation to be a "great way to

12  save the state money [in lowing health care costs of inmates] and it will make the population

13  healthier . . . if they can survive quitting this habit, then maybe they can reform their lives in

14  other ways too."  (Doc. 76, Ex. C, Concurrence in Sen. Amends. to Assem. bill no. 384 (August

15  23, 2004) at 3).  Because the ban on tobacco products, including snuff, in prison serves

16  legitimate penological interests, Mr. Larson's Fourteenth Amendment claim fails as a matter of

17  law.

18      For similar reasons, Mr. Larson's claim that the tobacco ban violates his equal protection

19  rights also fails.  "[U]nless a classification warrants some form of heightened review because it

20  jeopardizes exercise of a fundamental right or categorizes on the basis of an inherently suspect

21  characteristic, the Equal Protection Clause requires only that the classification rationally further

22  a legitimate state interest." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992).  There are no cases

23  which hold that the right to use tobacco is a fundamental liberty interest or that a prisoner who

24  uses tobacco products is a member of a protected class.  Because the ban on tobacco serves

25  legitimate penolgical interests, Mr. Larson's equal protection claim fails.

26      Mr. Larson contends that the ban on tobacco products violates "existing law."  (Doc. 81

27  at 2).  He mistakenly cites to the legislative history of the regulation which states that "existing

28  law" provides that a prison canteen may sell "various items to inmates, including tobacco."

1   (Doc. 76, Ex. C at 1).  Mr. Larson overlooks the fact that the bill, "as passed by the assembly,"

2   changed the existing law and "[r]emoved tobacco from the list of items CDC is authorized to sell

3   to inmate commissionaires and canteens." (Doc. 76, Ex. C at 2).

4                                                    V

5          Mr. Larson claims that Governor Schwarzenegger and Warden Runnels violated his

6   constitutional rights by "over-extend[ing]" the tobacco ban to prisons.  (Compl. at 10).  He

7   argues that Governor Schwarzenegger cannot be dismissed as a defendant because he signed the

8   bill into law.  (Doc. 79 at 6).  Defendants claim that they are entitled to qualified immunity.

9          The Supreme Court has instructed that state officials and municipalities are only liable

10  under § 1983 if there is, at minimum, an underlying constitutional tort.  *Monell v. Dep't of Soc.*

11  *Serv. of the City of New York*, 436 U.S. 658, 691 (1978).  Here, Mr. Larson is unable to show

12  that a ban on the use of tobacco products violates his constitutional rights.  Moreover, the

13  defendants are entitled to the defense of qualified immunity because a reasonable person in

14  defendants' positions would not have known that a ban on tobacco products in prison violated

15  clearly established federal statutory or constitutional rights.  *See, e.g., Case v. Kitsap County*

16  *Sheriff's Dep't*, 249 F.3d 921, 926 (9th Cir. 2001) (holding that officers were entitled to the

17  defense of qualified immunity against a § 1983 claim because a reasonable officer could have

18  believed that arrest was constitutionally permissible).  Therefore, defendants' motion for

19  summary judgment is granted, and Mr. Larson's motion for summary judgment is denied.

20                                                   VI

21         Because summary judgment is entered in favor of defendants, all pending motions filed

22  by Mr. Larson are denied as moot.

23  ///

24         Accordingly, **IT IS HEREBY ORDERED** that:

25         1.      Plaintiff's motions for summary judgment (Doc. 38 and Doc. 81) are denied.

26         2.      Defendants' motion for summary judgment (Doc 76) is granted.

27         3.      Plaintiff's motions for temporary restarting order (Doc. 39 and Doc. 46) are

28                 denied.

4.      Plaintiff's motion concerning the "notice of claim of unconstitutionality of state law rule 23-132" (Doc. 45) is denied.

5.      Plaintiff's motion for default judgment (Doc. 59) is denied.

6.      Plaintiff's motions for a bench trial (Doc. 60 and Doc. 69) are denied.

7.      Plaintiff's motions *in limine* (Doc. 63 and Doc. 70) are denied.

8.      Plaintiff's motion for discovery (Doc. 72) is denied.

9.      The case is dismissed.

///

DATED: January 24, 2008

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT  JUDGE
Sitting by Designation